IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN AND CENTRAL DIVISIONS

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

v.                              CASE NOS. 3:23-CR-00005-BSM
                                                  4:08-CR-00009-BSM

**NATHANIEL LACY**                                                                              **DEFENDANT**

**ORDER**

Nathaniel Lacy's pro se motions for compassionate release [Doc. Nos. 43 (2023 case) & 125 (2008 case)] are denied because: (1) he has not shown that extraordinary and compelling circumstances warrant early release; and (2) the section 3553(a) factors do not warrant early release. *See* 18 U.S.C. § 3582(c)(1)(A).

Lacy pled guilty to two counts of distribution of methamphetamine and one count of possession with intent to distribute methamphetamine, and he was sentenced to 151 months of imprisonment on each count to run concurrently, and to run concurrently with a 24-month revocation sentence. *See* Doc. Nos. 18 (2023 case, guilty plea), 22 (2023 case, judgment) & 116 (2008 case, judgment). Lacy seeks release because he suffers from several medical conditions and purportedly cannot receive adequate medical care in prison. Lacy's motions are denied for several reasons.

First, Lacy's medical records do not support his claims. This is true because, while a cancerous spot was found on Lacy's right lung in December, Lacy's medical records show that his medical needs are being met. *See* Doc. No. 46, Ex. 1 at 6 (lung cancer "TLC No stage 1A3"); *United States v. Miliron*, No. 4:20-CR-011-SDJ, 2021 WL 3032736, at *4 (E.D.

Tex. July 19, 2021) ("A Stage I cancer diagnosis, for which [movant] is receiving care, does not constitute an 'extraordinary and compelling reason' warranting compassionate release."). Specifically, in January, the spot was removed and Lacy has since been placed on a proper post-surgical care regimen. *See* U.S. Resp. Def.'s Mot. Sentence Reduction 6, Doc. No. 45 (2023 case). Moreover, Lacy's other medical conditions are properly being treated as needed and do not constitute extraordinary and compelling circumstances warranting early release. *See id.* Nothing in the record indicates that Lacy is unable to physically endure incarceration or that he will receive better care for his conditions if released.

Second, the section 3553(a) factors do not warrant early release because Lacy remains a danger to the community. *See United States v. Garretson*, No. 2:16-CR-20029, 2024 WL 3567407, at *7–8 (W.D. Ark. July 29, 2024) (denying compassionate release to movant with Stage 4 lung cancer because of the section 3553(a) factors). Lacy is a career offender who was most recently caught distributing methamphetamine on multiple occasions while on federal supervised release for a bank robbery conviction. *See* U.S. Resp. Def.'s Mot. Sentence Reduction 7–8.

Finally, Lacy's request for the appointment of counsel is denied because there is no right to appointed counsel in a compassionate release motion. *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (per curiam) (no right to appointed counsel in sentence modification proceedings under section 3582(c)(2)).

For these reasons, Lacy's pro se motions for compassionate release are denied.

IT IS SO ORDERED this 12th day of February, 2025.

                                                                       _____
                                                                       UNITED STATES DISTRICT JUDGE